# EXHIBIT C

GIBSON DUNN

Brian M. Lutz
Partner
T: +1 415.393.8379
M: +1 917.679.9662
blutz@gibsondunn.com

October 7, 2025

VIA EMAIL

Gregory Del Gaizo
Robbins LLP
5060 Shoreham Pl., Ste 300
San Diego, CA 92122
gdelgaizo@robbinsllp.com

Re: Demand to Inspect Books and Records of NIKE, Inc. Pursuant to Oregon Revised Statute § 60.774

Greg:

As you know, my firm represents NIKE, Inc. ("NIKE" or the "Company") in connection with your letter dated September 23, 2025, on behalf of Margaret McLaughlin demanding to inspect certain books and records of the Company pursuant to Oregon Revised Statute Section 60.774, *et seq*., ("Section 60.774") (the "Demand"). The Company appreciates your extension of its response deadline.

NIKE is committed to cooperating with its stockholders in responding to all books and records requests that comply with Oregon law. However, the Demand merely parrots vague and unadjudicated allegations from the pending securities class action *In re NIKE, Inc. Sec. Litig.*, No. 3:24-cv-00974-AN (the "Securities Class Action") and seeks documents that are plainly beyond the scope of Section 60.774, which limits stockholders to certain statutorily-defined records—indeed, Ms. McLaughlin's requests for "communications to or from the Board concerning the topics in Demand No. 1" and "[d]ocuments and communications sufficient to determine director independence," are just two examples that go well-beyond the categories Ms. McLaughlin is entitled to inspect under Section 60.774(2). Accordingly, the Demand does not comply with Oregon law.

Nevertheless, without conceding that the Demand complies with Oregon law, and reserving all rights, arguments and defenses regarding the Demand, NIKE is willing to engage further with Ms. McLaughlin regarding a possible production in response to the Demand upon entry into a mutually acceptable confidentiality agreement.

Please let me know if you would like to discuss further.

Sincerely,

Brian M. Lutz
Partner